# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 5, 2020

159874

SUSAN REAUME,
           Plaintiff-Appellant,

v

TOWNSHIP OF SPRING LAKE,
           Defendant-Appellee.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159874
COA: 341654
Ottawa CC: 17-004964-AA

On May 6, 2020, the Court heard oral argument on the application for leave to appeal the May 21, 2019 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment analyzing defendant's ordinance's definition of *single-family dwelling* and concluding that the definition excludes "temporary occupancy" because *family* is defined to exclude "transitory or seasonal" relationships. To the contrary, defendant's ordinance defines *dwelling* to include a "[b]uilding . . . occupied . . . as a home, residence, or sleeping place, either permanently *or temporarily* . . . ." (Emphasis added.) The Court of Appeals erred by conflating the concept of a transient relationship between people with the concept of transient occupancy of the property.

Nonetheless, the Court of Appeals was correct insofar as it concluded, in the alternative, that the ordinance's definition of *dwelling* excludes plaintiff's property because the property is a *motel*, which the ordinance defines to include a "[b]uilding . . . containing sleeping . . . [u]nits which may or may not be independently accessible from the outside with garage or [p]arking [s]pace located on the [l]ot and . . . occupied by transient residents." The term "sleeping unit" is reasonably understood to include a bedroom, of which the property contains seven. Although *motel* commonly is understood as "an establishment which provides lodging and parking and in which the rooms are usu[ally] accessible from an outdoor parking area," *Merriam-Webster's Collegiate Dictionary* (11th ed), we must follow the definition provided in the ordinance. See *W S Butterfield Theatres, Inc v Dep't of Revenue*, 353 Mich 345, 350 (1958) ("We need not, indeed we must not, search afield for meanings where the act supplies its own."). So

regardless of whether the property's bedrooms are "accessible from an outdoor parking area," we conclude that the property fits the ordinance's definition of *motel* since that definition expressly allows that sleeping units "may not be independently accessible from the outside."

We thus conclude that plaintiff's use of her property was not a permitted use of a single-family dwelling under defendant's ordinance. For this reason, we AFFIRM the Court of Appeals judgment.

BERNSTEIN, J. (*concurring in part and dissenting in part*).

I concur with the majority's decision to vacate a portion of the Court of Appeals opinion, because I agree that the Court of Appeals erred in conflating transient personal relationships with a transient occupancy of property. However, I disagree with the majority's decision to affirm that portion of the Court of Appeals opinion that concludes that plaintiff's property is a motel, and would instead reverse the Court of Appeals judgment and remand to the trial court for further proceedings.

The majority affirms the Court of Appeals' conclusion that plaintiff's property is a motel by holding that a " 'sleeping unit' is reasonably understood to include a bedroom, of which the property contains seven." However, the term "sleeping unit" is not defined in defendant's ordinance. The majority does not supply its own definition, and merely states that a sleeping unit might include a bedroom, which is different from explaining what a sleeping unit is. The dictionary defines "unit" as "a single quantity regarded as a whole in calculation." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Bedroom" is defined as "a room furnished with a bed and intended primarily for sleeping." *Id.* The definition of "unit" suggests that such a thing is used or rented separately from other units, as each unit is regarded as a whole. This understanding of a unit as comprising a complete entity makes sense in the context of a motel, where sleeping units can be rented separately, as individual units; although multiple units may be rented at once, they are rented independently from one another, unlike rooms in a single suite, which are rented together as a single unit.

As a result, it cannot be said that plaintiff's property contained "sleeping units" because there is nothing in the record that suggests that her property had various independent units that were "whole" on their own.[1] Plaintiff's property was originally

---

[1]Plaintiff at one point advertised her property as two separate units, but changed the listing to one unit before either ordinance was passed. See MCL 125.3208(1) ("If the use of a dwelling, building, or structure . . . is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment.")

designed as a house for a single family, and it was used and rented in its entirety, as a single unit altogether, and not as a collection of seven separate sleeping units.

Because I believe that plaintiff's property is not a "motel," I would remand to the trial court to determine if plaintiff otherwise met her burden for establishing prior nonconforming use. *Heath Twp v Sall*, 442 Mich 434, 444-446 (1993).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 5, 2020



Clerk

t0603